**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0419-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES BAKER,

    Defendant-Appellant.

_____

Submitted August 30, 2017 — Decided September 7, 2017

Before Judges Rothstadt and Vernoia.

On appeal from Superior Court of New Jersey,
Law Division, Union County, Indictment No. 10-
01-0087.

Joseph E. Krakora, Public Defender, attorney
for appellant (William Welaj, Designated
Counsel, on the brief).

Grace H. Park, Acting Union County Prosecutor,
attorney for respondent (Kimberly L. Donnelly,
Special Deputy Attorney General/Acting
Assistant Prosecutor, of counsel and on the
brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant James Baker appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Defendant was convicted by a jury of second-degree eluding, N.J.S.A. 2C:29-2(b). The sentencing court imposed an aggregate sentence of eight years, subject to a four-year period of parole ineligibility.

Defendant appealed and we affirmed his conviction and sentence in an unpublished opinion. State v. Baker, No. A-3943-11 (App. Div. August 22, 2014).[1] Defendant did not petition the Supreme Court for certification. The facts underlying defendant's conviction are set forth in our opinion and need not be repeated here.

Defendant filed a "verified" PCR petition on September 12, 2014, that did not state any facts upon which defendant relied. In his brief, defendant argued his constitutional right to a fair trial was violated because of the prosecutor's "knowing use of perjured testimony" against him and by his trial counsel's ineffective assistance. He claimed his attorney failed to

---

[1] We remanded the matter for recalculation of jail credits. Id. at 45.

interpose objections, properly cross examine witnesses and file "a motion for a Franks[2] hearing."

A brief was submitted on behalf of defendant in March 2015. In this brief, defendant argued trial counsel "failed to properly investigate and prepare pre-trial through sentencing and induced the defendant into foregoing a plea" and going to trial. Defendant also contended that he established a prima facie claim for PCR and was entitled to an evidentiary hearing.[3]

Judge Regina Caulfield considered counsels' oral arguments on June 1, 2015, and entered an order denying defendant's petition after placing on the record a comprehensive oral decision setting forth her findings of fact and conclusions of law. The judge carefully reviewed the applicable law and defendant's contentions, and found that his arguments had no evidentiary support, stating that all defendant's allegations were "b[a]ld assertions."[4]

---

[2] Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

[3] Neither defendant nor his attorney submitted an amended verified petition, affidavit, or certification setting forth any facts relating to defendant's arguments as required by Rule 3:22-10(c).

[4] See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.) ("a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel"), certif. denied, 162 N.J. 199 (1999).

A-0419-15T4

In a brief filed on his behalf, defendant presents the following issue for our consideration in his appeal:

> THE DEFENDANT FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL SINCE, AS A RESULT OF COUNSEL'S ASSURANCE THAT HE WOULD BE EXONERATED AT TRIAL, THE DEFENDANT REJECTED A PLEA RECOMMENDATION PRESENTED BY THE STATE REGARDING SEVERAL OUTSTANDING CASES AND INSTEAD PROCEEDED TO TRIAL, SUBSEQUENTLY RECEIVING A SENTENCE SIGNIFICANTLY GREATER THAN THAT EMBODIED IN THE PLEA OFFER, WHICH WARRANTED AN EVIDENTIARY HEARING.

Defendant filed a supplemental pro se brief in which he presents the following additional arguments:

> POINT I
>
> [DEFENDANT]'S CONSTITUTIONAL RIGHTS TO A FAIR TRIAL WERE VIOLATED WITH THE KNOWING USE OF PERJURED TESTIMONY TO OBTAIN A CONVICTION.
>
> POINT II
> [DEFENDANT] WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER THE SIXTH AMENDMENT.

We are not persuaded by any of these arguments and find that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons stated by Judge Caulfield in her thorough decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4                                    A-0419-15T4